```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                         :
UNITED STATES OF AMERICA,                                :
                                                         :
                                                         :
            - against -                                  :    22-CR-403 (VSB)
                                                         :
                                                         :    OPINION & ORDER
FLOYD SOMERVILLE,                                        :
                                                         :
                        Defendant.                       :
                                                         :
---------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

Defendant Floyd Somerville ("Somerville") moves this court to terminate his five-year term of supervised release pursuant to 18 U.S.C. § 3583. Considering the 18 U.S.C. § 3553(a) factors, Somerville's motion is GRANTED.

### I.     Background and Procedural History

On December 1, 2004, in the Northern District of Alabama, Somerville pleaded guilty to one count of possession of a firearm after being convicted of a felony. (Doc. 3, at 1.) On March 22, 2005, Chief Judge Lawrence Scott Coogler sentenced Somerville to a term of imprisonment of 210 months followed by 60 months of supervised release and a $100 special assessment fee. (*Id.*) On July 26, 2022, jurisdiction of Somerville was transferred to the Southern District of New York. (Doc. 2.) On November 4, 2022, Somerville requested early termination of his supervised release term. (Doc. 4, the "Motion.") Somerville has now served more than 38 months of his 60-month term of supervised release. (Motion 4.) On November 23, 2022, the Government requested an extension to respond to the Motion, (Doc. 7), which I granted on November 28, 2022, (Doc. 8). On December 7, 2022, the Government requested four additional

weeks to respond to the motion so that they may obtain and review records from the Northern District of Alabama. (Doc. 9.) I also granted this request. (Doc. 10.) On January 5, 2023, the Government filed a letter stating that "[a]fter consultation with the United States Probation Office, the Government does not oppose the defendant's motion." (Doc. 11.)

## II.   Legal Standards

Pursuant to Title 18 Section 3583(e),

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice

18 U.S.C. § 3583(e). Federal Rule of Criminal Procedure 32.1(c) provides that a court need not hold a hearing when modifying a term of supervised release if "the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and . . . an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so." Fed. R. Crim. P. 32.1(c)(2)(B)–(C).

## III.   Discussion

"The § 3553(a) factors require me 'to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency.'" *United States v. Erskine*, No. 05 Cr. 1234 (DC), 2021 WL 861270, at *1 (S.D.N.Y. Mar. 8, 2021) (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)). I remain mindful "that supervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation." *Id.* (internal quotation marks omitted). Ultimately, the decision whether to grant early termination rests in my discretion. *Id.* at *2.

Somerville has served more than three years of his five-year term of supervised release. Throughout his supervised release, Somerville has not had any reported violations of his terms of supervised release. (Motion 18.) Somerville has demonstrated "exceptionally good behavior," *Lussier*, 104 F.3d at 36, and has taken steps to reintegrate himself into the community by maintaining stable employment, housing, caring for his aging parents, and maintaining connections with family and friends here in New York, *see Erskine*, 2021 WL 861270, at *2 (granting early termination request where defendant was "fully compliant with the terms of his supervision" and "ha[d] taken considerable strides in reintegrating into his community through employment and service to his family."). It is also notable that after receiving two extensions of time to review Somerville's case, the Government ultimately did not object to Somerville's request. *See United States v. Callahan*, No. 08 CR. 349 (JGK), 2018 WL 2947968, at *1 (S.D.N.Y. June 1, 2018) (granting early termination request where 66-year-old defendant "ha[d] made substantial strides toward rehabilitation," including finding "stable housing and . . . achiev[ing] a substantial period of sobriety," probation did not believe further supervision was necessary, and the Government did not object). After considering Somerville's conduct during his term of supervised release, as well as the § 3553(a) factors, I find that supervision is no longer necessary for Somerville.

## IV.    Conclusion

Somerville's motion for early termination of his term of supervised release is GRANTED. The Clerk of Court is respectfully directed to terminate the gavel at Doc. 4 and to mail this Order to Somerville.

SO ORDERED.

Dated: March 1, 2023
      New York, New York

                                                   Vernon S. Broderick
                                                   United States District Judge

4